HENRY NOYES, Respondent, *v.* FRANK M. TERRY, Appellant.

(GENERAL TERM, FIFTH DISTRICT, OCTOBER, 1869.)

Unattached scantling, which had been used to hang tobacco on to cure, in a barn, built on a farm where tobacco had been raised, which were put up and taken down, as they were, or were not wanted for the drying of the tobacco; and at the time of the sale were partly piled up in the barn, and partly used as a scaffolding for straw; no tobacco having been raised on the farm for a year or two previously.— *Held*, not to pass as fixtures by a conveyance of the farm.

In determining what will pass as fixtures by a deed conveying the freehold, the distinction between things actually annexed, and things totally disconnected, is one of the most easy and certain application, and should be maintained, except where the exigencies of trade, or long established usage, or precise authority has established an exception.

The case of *Bishop* v. *Bishop* (1 Kern., 123), explained and distinguished.

PLAINTIFF sold defendant a farm, and left on it certain lumber and stone; and having subsequently demanded these articles from defendant, who refused to surrender them, he brought this action to recover their value. Defendant answered that he had bought and paid for them as part of the farm. The action was referred; and the facts, as proved on the trial, and found by the referee, are fully stated in the opinion.

The referee decided as matter of law, that the lumber was personal property, and did not pass by a conveyance of the real estate, and ordered judgment for plaintiff. And defendant having excepted to the decision, appealed from the judgment entered thereon.

*D. Pratt*, for the appellant.

*Graves & Stevens*, for the respondent.

Present—BACON, FOSTER, MULLIN and MORGAN, JJ.

By the Court—BACON, P. J.   The law of "fixtures" is confessedly the most uncertain title in the entire body of our jurisprudence ; and a judge might, in any given case, decide either way without much danger of having his judgment impeached, or of failing to find some authority to support it. It follows that almost every case that is presented, must be tested and determined by the special facts which it exhibits. The question here arises between vendor and vendee, and the point to be determined is, whether certain scantling remaining on the farm which was the subject of the sale, did, or did not come within the category of fixtures.   If not, the plaintiff had the right to recover for them ; if they did, the defendant was justified in retaining them.

The finding of the referee is substantially that the lumber in question had been used by the plaintiff for some two or three seasons to hang his tobacco upon ; the scantling was not fitted into the barn, or shed, but was put up and taken down as needed, for the drying of the tobacco when raised. This scantling had not been used for one or two years before the sale of the farm, the plaintiff not having raised any tobacco during these years ; but such scantling was necessary, or something of like character to enable the crop to be properly cured.   At the time of the sale of the farm, the scantling lay piled up as they were left when the last crop was raised, except a small portion upon which some straw had been piled.   On these facts the referee found, as matter of law, that the scantling and a small quantity of stone about which no question is made, were personal property, and did not pass to the defendant by the sale of the farm, and he accordingly found for the plaintiff, assessing his damages at some $115.

The question arising in this case is not one of the easiest solution, and a good deal may be said on both sides.   My conclusion upon the whole, is that it was rightly decided. It would be but a waste of time to go over the cases at length That was done by Judge COWEN in the leading case of *Walker* v. *Sherman* (20 Wend., 636).   The opinion covers

Noyes v. Terry.

twenty-one pages, and in the course of it over sixty cases are cited and commented on, and yet from them all it is difficult, if not impossible, to extract any general rule that shall embrace every case that may arise. The rules existing between vendor and vendee, landlord and tenant, mortgagor and mortgagee, are somewhat variant. We are only concerned with those which apply to the first named relation. As respects vendor and vendee, Judge Cowen says the general rule is that anything of a personal nature, not affixed to the freehold, cannot be considered as an incident to the land. This rule has of course some exceptions, and will not apply to a temporary disannexing, such as a mill-stone to be picked, or an anvil to be repaired, or locks and keys to houses. He says further that whatever the use or object, unless the thing be physically annexed to the freehold in some way, it has in general been held not to pass as between vendor and vendee. And he cites the case of a padlock, *and loose boards used for putting up corn in the bins of a corn house*, as was held in the case of *Whiting* v. *Barstow* (4 Pick. 311), a case which comes nearer to the one now before us than any I have found in the books. That case was decided upon the precise principle that the boards were loose, and movable without any injury to the freehold. The distinction between things actually annexed and things totally disconnected is one of the most easy and certain application, and should be maintained except where the exigencies of trade, or long established usage, or precise authority has established an exception.

Judge Cowen sums up the whole discussion by saying, that, as a general rule, in order to come within the operation of a deed conveying the freehold, nothing of a nature personal in itself will pass, unless it be brought within the denomination of a fixture, by being in some way permanently, or at least habitually, attached to the land, or some building upon it. The definition of Judge Ingraham, in *Hoyle* v. *P. & M. R. R. Co.* (51 Barb., 62), agrees substantially with this; adding, however, a further qualification, that the thing must be essen-

tial to the use of the realty, and without the use of such or similar articles, the realty would cease to be of value. Tested by these rules, which are the nearest approximation we can make to one appropriate to this case, the scantling, unattached as it was, of uncertain and intermitted use, and not absolutely essential to the enjoyment or value of the realty, cannot be considered as bringing it within the legal definition of a fixture. The case of the hop-poles, *Bishop* v. *Bishop* (1 Kern., 123), which is conceded to have carried the rule to its extremest point, is only to be sustained on the precise ground on which it is put, to wit: That as the hop-root is perennial, and would pass to a purchaser, so the pole, which is used exclusively in connection with it, and is indispensable to its cultivation, passes equally to such purchaser. In this case Judge DENIO dissented in an able opinion, concurred in by Judge JOHNSON. He held that there was no such affixing to the land as to convert the poles into real estate, and that thus to convert personal property by virtue of the law of fixtures, there must be a permanent corporeal annexation of the chattel to the land, or to something which is itself annexed to the land, thus reaffirming the doctrine of COWEN in the case of *Walker* v. *Sherman.* Although the purpose for which the poles were used recurred annually, it was after all only temporary and occasional. Such was the use of the scantling in this case, and this use did not change their essential character as chattels.

I think the judgment is right, and should be affirmed.

Judgment affirmed.